UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LAWRENCE V LONGHI,

        Plaintiff,

    v.

KHALED MONAWAR,

        Defendant.

Case No.  14-cv-04554-KAW

**ORDER REQUIRING SUPPLEMENTAL BRIEFING RE MOTION FOR DEFAULT JUDGMENT**

Re: Dkt. No. 12

    Plaintiff Lawrence V. Longhi has moved for default judgment against Defendant Khaled Monawar.  Upon initial review of the complaint and the moving papers, it appears that the allegations in the complaint and the briefing offered in support of the motion are deficient as to the following issues:

    First, Plaintiff asserts that "since they were served with the summons and the First Amended Complaint, Defendants have chosen not to participate in this litigation in any capacity." (Mot. Default J. at 11, Dkt. No. 12.)  Aside from the fact that a first amended complaint has never been filed in this case, and the operative complaint names only one Defendant, Plaintiff's assertion that Defendant was served with the summons and complaint on or about December 7, 2014 is not sufficient to establish that service, specifically substituted service, was properly effected.

    Second, Plaintiff identifies as a citizen of New Jersey, who has been residing in that state, and he alleges that Defendant is a citizen of California, who has been residing in Concord, California, at all relevant times. (Compl. ¶¶ 1-3, Dkt. No. 1.) Plaintiff, however, does not make sufficient allegations with respect to either party's citizenship for the purposes of establishing diversity jurisdiction.  *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983) ("To show state citizenship for diversity purposes under federal common law a party must

United States District Court
Northern District of California

(1) be a citizen of the United States, and (2) be domiciled in [a] state.") (citations omitted).  In order for the Court to find that it has subject matter jurisdiction over this action, Plaintiff must sufficiently allege facts establishing that each party is (1) a citizen of the United States and (2) domiciled in a particular state.  *See Kantor*, 704 F.2d at 1091 ("And, as stated above, the federal law is that United States citizenship is a prerequisite of state citizenship.").  Additionally, Plaintiff makes no allegations with respect to Defendant's domicile, and to the extent that Plaintiff wishes to establish personal jurisdiction based on where Plaintiff lives, such allegations are necessary. *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2853-54 (2011) ("For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile . . . ."); *Sillah v. Common Int'l Security Services*, Case No.: 14-cv-01960-LHK, 2014 WL 5144540, at * 2 (N.D. Cal. Oct. 13, 2014) ("A person is 'domiciled' in a location where he or she has established a fixed habitation or abode in a particular place, and intends to remain there permanently or indefinitely.") (citations and modifications omitted).

Third, Plaintiff alleges that the statute of limitations was tolled or suspended while an action was pending before the Superior Court of New Jersey Law Division, Morris County, which was the first suit Plaintiff brought against Defendant.[1]  (Compl. ¶ 33, Dkt. No. 1.)  Plaintiff, however, does not address any statute of limitations issue in his brief.  Nor do the allegations in the complaint establish that the factual predicates for tolling, if available, have been met in this case.  Furthermore, the allegations in the complaint do not clearly identify when all of the purported wrongful conduct occurred, making it impossible to determine when the statute of limitations would have commenced for each of the causes of action asserted in the complaint. (*See, e.g.*, Compl. ¶ 29 ("In addition, Defendant has admitted to Longhi that he now owns a quarry in Afghanistan identical to the quarry proposed by Longhi on behalf of Afgamco in his January 14, 2003 proposal to the Afghani government."); *id.* ¶ 52 ("As a result of his conduct, Defendant

---

[1] The Court notes that the docket in the New Jersey action indicates that the case was dismissed with prejudice, which appears to contradict Plaintiff's representations regarding the disposition of that litigation.

has willfully and maliciously breached his fiduciary duty and the duty of loyalty to Longhi.").)

Plaintiff shall address these issues in a supplemental brief of not more than 10 pages, which shall be filed within 21 days of this order.  The motion hearing currently set for July 16, 2015 is VACATED.

IT IS SO ORDERED.

Dated:  07/09/2015

_____
KANDIS A. WESTMORE
United States Magistrate Judge